[No. 36766-1-II.   Division Two.   March 24, 2009.]

THE STATE OF WASHINGTON, *Respondent*, v. MARK CHRISTOPHER JENSEN, *Appellant*.

*Manek R. Mistry* and *Jodi R. Backlund* (of *Backlund & Mistry*), for appellant.

*Deborah S. Kelly, Prosecuting Attorney*, and *Brian P. Wendt, Deputy*, for respondent.

¶1 BRIDGEWATER, J. — Mark Christopher Jensen appeals his convictions for second degree burglary and third degree theft. We hold that RCW 9A.52.090(1)'s abandonment defense does not apply to the charged offense of second degree burglary, and defense counsel was not ineffective for failing to offer such an instruction. We affirm.

FACTS

¶2 On the evening of June 4, 2007, Jensen, who was homeless, entered the ground floor of a building in downtown Port Angeles through an unsecured window. The ground floor was occupied by a business, Mama's Restaurant. The restaurant's owner, James Faires, testified at trial that he and his wife had operated the business for two and one-half years, that the restaurant was a seasonal business, and that he had closed it down "for the winter" during the preceding December. Report of Proceedings (RP) (Aug. 1, 2007) at 52. He also testified that he was subleasing the space from a long-term lease holder, that the city owned the building, and that, although his sublease had expired, he was negotiating with the city to purchase the building. Faires had the only keys to the premises and, during the off season, went in "every couple days" to water the plants and to perform various cleaning and maintenance jobs. RP (Aug. 1, 2007) at 80. He testified that the restaurant contained some $45,000 worth of furnishings, equipment, and supplies, which included some $3,000 in wine and $400 in beer. He testified that the restaurant's liquor license was current and that he could reopen for business at any time.

¶3 In May 2007, Faires noticed that some items seemed to be missing from the restaurant, including a commercial kitchen mixer and some table lamps. He started to suspect that someone was "coming and going" in his restaurant and he started keeping an eye on his liquor supply. RP (Aug. 1, 2007) at 59. On June 4, 2007, he found empty beer bottles in a trash can in the pantry. He also noticed that someone

had rigged the office television, which previously had been disconnected from cable, with an improvised antenna using a coat hanger to enable reception of a broadcast signal. Faires then inspected the premises to see how an intruder could be getting in and found a window slightly ajar. He left the window as it was, returned that evening to a hidden observation point outside the building, and waited. That evening, Faires saw a man quickly approach the building, pull open the window and enter the restaurant. When Faires called 911 and explained what he had observed, police quickly arrived with a K-9 unit, searched the building, and found Jensen inside.

¶4 After being advised of his rights, Jensen told officers that he was homeless and that he was just looking for shelter. He admitted that he had stayed there for the previous two nights, that he had consumed the beer from the bottles in the pantry trash can on a previous night, and that he drank the beer from the bottles found in the office on the night that police arrived.

¶5 The State charged Jensen with second degree burglary and third degree theft. Jensen argued at trial that the property had been abandoned. Over the State's objection, the court instructed the jury on the lesser-included offense of first degree criminal trespass and also instructed that abandonment is a defense to such trespass. Defense counsel made no objection to the instructions as given. The jury convicted Jensen as charged. Following sentencing, Jensen timely appealed.

DISCUSSION

Instructional Error

¶6 Jensen argues that although the trial court correctly gave an abandonment defense instruction regarding the lesser-included offense of first degree criminal trespass, the

court erred because that instruction failed to encompass the charge of second degree burglary.[1] We disagree.

¶7 We must first determine if Jensen waived his right to appeal the alleged instructional error by failing to object at trial. A party is required to object to an erroneous instruction in order to afford the trial court the opportunity to correct the error. CrR 6.15(c); *State v. Scott*, 110 Wn.2d 682, 685-86, 757 P.2d 492 (1988). Failing to object to an instruction may bar review. *Scott*, 110 Wn.2d at 686. But a party may raise a manifest error of constitutional magnitude for the first time on appeal. RAP 2.5(a)(3). An instruction that shifts the burden of proof from the State to the defendant is such a constitutional error. *Scott*, 110 Wn.2d at 688 n.5.

¶8 Here, relying on *State v. J.P.*, 130 Wn. App. 887, 125 P.3d 215 (2005), Jensen argues that the trial court's instruction on the defense of abandonment was in error because it was limited to the lesser-included offense of criminal trespass. To the extent Jensen's challenge may be read to assert that the instructions failed to inform the jury of the State's burden of proof as to his asserted defense, his argument may be raised for the first time on appeal.

¶9 Citing *J.P.*, Jensen contends that the trial court committed legal error when its abandonment instruction failed to encompass the second degree burglary charge. We review legal questions, including alleged errors of law in a trial court's jury instructions, de novo. *State v. Porter*, 150 Wn.2d 732, 735, 82 P.3d 234 (2004); *State v. Brown*, 132 Wn.2d 529, 605, 940 P.2d 546 (1997) (error in instructions is reviewed de novo), *cert. denied*, 523 U.S. 1007 (1998). The

---

[1] The relevant instruction provided:

It is a defense to a charge of CRIMINAL TRESPASS IN THE FIRST DEGREE that a building involved in the trespass was abandoned.

The State has the burden of proving beyond a reasonable doubt that the trespass was not lawful. If you find that the State has not proved the absence of this defense beyond a reasonable doubt, it will be your duty to return a verdict of not guilty.

Clerk's Papers at 44 (Instruction 20).

jury instructions, taken in their entirety, must inform the jury that the State bears the burden of proving every essential element of a criminal offense beyond a reasonable doubt. *State v. Pirtle*, 127 Wn.2d 628, 656, 904 P.2d 245 (1995) (citing *In re Winship*, 397 U.S. 358, 364, 90 S. Ct. 1068, 25 L. Ed. 2d 368 (1970)), *cert. denied*, 518 U.S. 1026 (1996). And the instruction must state the applicable law correctly; it is an error to give an instruction the evidence does not support. *State v. Benn*, 120 Wn.2d 631, 654, 845 P.2d 289, *cert. denied*, 510 U.S. 944 (1993).

■ ■ ¶10 The specific language of an instruction is left to the trial court's discretion, which we review for abuse of discretion. *State v. Coe*, 101 Wn.2d 772, 787, 684 P.2d 668 (1984). And when a trial court's decision to give an instruction rests on a factual determination, we review the decision for abuse of discretion. *State v. Walker*, 136 Wn.2d 767, 771-72, 966 P.2d 883 (1998). A trial court abuses its discretion when its decision is manifestly unreasonable or based upon untenable grounds. *State v. Perrett*, 86 Wn. App. 312, 319, 936 P.2d 426, *review denied*, 133 Wn.2d 1019 (1997).

■ ¶11 In reviewing the alleged instructional error de novo, we note as a threshold matter that the challenged abandonment instruction describes a statutory defense to the offense of first degree criminal trespass. The relevant statute, RCW 9A.52.090, lists defenses to "criminal trespass" and states in pertinent part, "In any prosecution under RCW 9A.52.070 [describing first degree criminal trespass], and 9A.52.080 [describing second degree criminal trespass], it is a defense that: (1) A building involved in an offense under RCW 9A.52.070 was abandoned." The trial court gave an abandonment instruction because it had determined that first degree criminal trespass was available as a lesser-included offense to the charged crime of second degree burglary.[2] By its terms, the statutory aban-

---

[2] "Second degree burglary" is defined in RCW 9A.52.030(1), which provides in relevant part that "[a] person is guilty of burglary in the second degree if, with intent to commit a crime against a person or property therein, he enters or remains unlawfully in a building." "First degree criminal trespass" is defined in

donment defense applies only to first degree criminal trespass.[3]

¶12 The jury found Jensen guilty as charged of second degree burglary and third degree theft. Substantial evidence supports those verdicts. The record shows that Faires maintained restaurant supplies and equipment in the building and regularly returned to perform repair, cleaning, and maintenance duties at the restaurant. Faires had the only keys to the building. Although Faires's lease had expired, he was negotiating with the city to purchase the building. The trial court found that Faires was a holdover tenant who continued to occupy and control the building. Faires did not give Jensen permission to enter the building. Moreover, it is undisputed that when Jensen was arrested he told officers that he was seeking shelter and that he drank the restaurant's beer on his previous nights in the building and on the night he was arrested. The evidence regarding Jensen's entry and activities shows Jensen's unauthorized entry through a window and his repeated pilfering of the beer from the restaurant.

¶13 As for Jensen's reliance on *J.P.*, we find that such reliance is misplaced. *J.P.* held that RCW 9A.52.090(1)'s abandonment defense may be applied to a charge of residential burglary. *J.P.*, 130 Wn. App. at 894-95. We observe that while *J.P.*'s holding has a measure of logical appeal, because burglary and criminal trespass share the same unlawful entry element, the plain language of the statutory defense nevertheless applies that defense only to prosecutions for first degree criminal trespass. *See* RCW

RCW 9A.52.070(1), which provides that "[a] person is guilty of criminal trespass in the first degree if he knowingly enters or remains unlawfully in a building."

[3] The State has not appealed the trial court's giving of the instruction for first degree criminal trespass; it therefore has become the law of the case. RAP 10.3(g); *see also State v. Perez-Cervantes*, 141 Wn.2d 468, 476 n.1, 6 P.3d 1160 (2000) (jury instruction that is unchallenged on appeal becomes the law of the case); *In re Estate of Campbell*, 87 Wn. App. 506, 512 n.1, 942 P.2d 1008 (1997) (trial court's ruling to which no error is assigned is the law of the case). We do not review the propriety of giving the lesser-included instruction, nor do we address the sufficiency of any evidence to support such a lesser instruction with its statutory defense as would be required. *See State v. Fernandez-Medina*, 141 Wn.2d 448, 454-55, 6 P.3d 1150 (2000).

9A.52.090(1). As with any other statute, where the language of a statutory defense is clear, its plain language is to be applied as written. *See Morgan v. Johnson*, 137 Wn.2d 887, 891-93, 976 P.2d 619 (1999). Applying the statute as written, we hold that RCW 9A.52.090(1)'s abandonment defense is not available regarding Jensen's charged offense of second degree burglary. *Cf. Morgan*, 137 Wn.2d at 896 (by its plain language, RCW 5.40.060's intoxication defense does not apply to intentional torts).

¶14 We additionally note that *J.P.* purports to rely on *City of Bremerton v. Widell*, 146 Wn.2d 561, 51 P.3d 733, *cert. denied*, 537 U.S. 1007 (2002), for its rationale in expanding application of RCW 9A.52.090(1)'s abandonment defense to residential burglary. *See J.P.*, 130 Wn. App. at 895. However, *Widell* held only that when a defendant sufficiently asserts one of the statutory defenses to criminal trespass, the burden to disprove the defense falls on the State. *See Widell*, 146 Wn.2d at 570. Nothing in *Widell* suggests that expansion of those statutory defenses to other crimes is warranted. *See Widell*, 146 Wn.2d at 570. Notably, we have found no published opinion relying on *J.P.*'s holding that the statutory defenses applicable to criminal trespass are available in burglary cases, and we decline to follow *J.P.* here.

## Ineffective Assistance

¶15 Jensen argues that his counsel was ineffective because he failed to offer an instruction applying an abandonment defense to the charge of second degree burglary. We disagree.

¶16 In order to show ineffective assistance of counsel, the defendant must show (1) that his attorney's performance was deficient and (2) that the deficiency prejudiced him. *Strickland v. Washington*, 466 U.S. 668, 687, 104 S. Ct. 2052, 80 L. Ed. 2d 674 (1984). A defendant is prejudiced when he can show that, but for his counsel's errors, there was a reasonable probability that the trial result would

have differed. *State v. McFarland*, 127 Wn.2d 322, 337, 899 P.2d 1251 (1995).

¶17 For the reasons discussed above, RCW 9A.52.090(1)'s abandonment defense was not available for the charge of second degree burglary. Thus, defense counsel was not ineffective for failing to offer an instruction as Jensen now asserts. We hold that defense counsel was not ineffective for failing to offer an abandonment instruction regarding the charge of second degree burglary.

¶18 Affirmed.

VAN DEREN, C.J., and HOUGHTON, J., concur.