

# IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON

| | |
|---|---|
| STATE OF WASHINGTON, ) | No. 68853-7-I |
| ) | |
| Respondent, ) | DIVISION ONE |
| ) | |
| v. ) | UNPUBLISHED OPINION |
| ) | |
| ERIK THOMAS SCHUMANN, ) | |
| ) | |
| Appellant. ) | FILED: October 7, 2013 |
| ) | |

APPELWICK, J. — This appeal arises from Schumann's conviction for residential burglary. His defense at trial was that he reasonably though mistakenly believed the house was abandoned. His attorney did not request jury instructions on the abandonment defense. Schumann argues this constituted ineffective assistance of counsel. We affirm.

## FACTS

On the morning of February 3, 2012, Michael Brunson heard a loud noise and discovered someone had broken a window in an exterior door to the basement of his Shoreline home. Brunson reported the break-in. However, he had to leave on an urgent errand before he could board up the window, so he locked the basement door and moved an empty file cabinet in front of it.

Later that evening, police responded to a call from Brunson that he heard a voice coming from his basement. The two responding officers found Erik Schumann and a female suspect inside the basement. Brunson did not know either individual. One officer noticed that Schumann was wearing gloves and had a set of pliers in the utility pocket of his pants. Upon arrest, the officers searched Schumann and found he had several knives, a pry bar, flashlight, pliers, and a handsaw. One of the knives was later confirmed to be stolen from the basement. The State charged Schumann with one count of residential burglary.

From jail, Schumann called a friend to say, "But hey um yeah I got popped for that fuckin' Meridian house." The friend asked, "It was empty right?" and then asked "Is there people living there?" Schumann responded, "Yeah. There's people livin' there. Tell Diaper Socks not to hit it up. That's crazy."

At trial, Schumann relied on the defense that he reasonably believed the house was abandoned. Brunson's property was so overgrown that his house could not be seen from the street. The home looked cluttered and in disrepair. Brunson acknowledged that his property is more densely wooded than neighboring properties, and he usually only turned on one light at a time in the house. However, Schumann's defense counsel did not request any jury instructions on the abandonment defense.

The jury returned a verdict of guilty. Schumann appeals.

## DISCUSSION

Schumann argues that he was entitled to jury instructions on his defense that he reasonably believed the house was abandoned. He contends that by relying on this

2

defense without proposing instructions to inform the jury of supporting law, his counsel performed deficiently and prejudice resulted.

To establish ineffective assistance based on counsel's failure to request a jury instruction, the defendant must show that he was entitled to the instruction, counsel was deficient in failing to request it, and failure to request the instruction caused prejudice. Strickland v. Washington, 466 U.S. 668, 687, 104 S. Ct. 2052, 80 L. Ed. 2d 674 (1984); State v. Johnston, 143 Wn. App. 1, 21, 177 P.3d 1127 (2007). Where counsel has no strategic reason for failing to request jury instructions on a defense theory and prejudice results, Washington courts have held counsel to be ineffective. See, e.g., State v. Powell, 150 Wn. App. 139, 155, 206 P.3d 703 (2009); State v. Kruger, 116 Wn. App. 685, 693-94, 67 P.3d 1147 (2003).

A person is guilty of residential burglary if, "with intent to commit a crime against a person or property therein, the person enters or remains unlawfully in a dwelling other than a vehicle." RCW 9A.52.025(1). A person is guilty of first degree criminal trespass "if he or she knowingly enters or remains unlawfully in a building." RCW 9A.52.070(1). There is no statutory defense to residential burglary. See chapter 9A.52 RCW. However, RCW 9A.52.090 provides several defenses to criminal trespass:

> In any prosecution under RCW 9A.52.070 and 9A.52.080, it is a defense that:
>
> (1) A building involved in an offense under RCW 9A.52.070 was abandoned; or
>
> (2) The premises were at the time open to members of the public and the actor complied with all lawful conditions imposed on access to or remaining in the premises; or

(3) The actor reasonably believed that the owner of the premises, or other person empowered to license access thereto, would have licensed him or her to enter or remain.

(Emphasis added.)

This case turns on whether Schumann was entitled to a jury instruction on abandonment as a defense to residential burglary. See State v. Cienfuegos, 144 Wn.2d 222, 227, 25 P.3d 1011 (2001). Division Two and Division Three of this court currently disagree as to whether abandonment is a defense to burglary. See, e.g., State v. Jensen, 149 Wn. App. 393, 401, 203 P.3d 393 (2009); State v. J.P., 130 Wn. App. 887, 895, 125 P.3d 215 (2005).

In J.P., the defendant was convicted of residential burglary after he was caught spray painting walls and windows inside a vacant, repossessed home being prepared for sale. 130 Wn. App. at 890-91. On appeal, Division Three considered whether the criminal trespass abandonment defense also applies to residential burglary. Id. at 894. The court acknowledged that RCW 9A.52.090(1) is limited to criminal trespass by its terms. Id. at 894. However, the Washington Supreme Court held in City of Bremerton v. Widell that the statutory defenses to criminal trespass negate the unlawful presence element.[1] 146 Wn.2d 561, 570, 51 P.3d 733 (2002). Burglary and criminal trespass share the same unlawful entry or presence element. J.P., 130 Wn. App. at 895. Therefore, Division Three concluded, the unlawful presence element of residential burglary must be equally negated by abandonment. Id.

---

[1] Once a defendant has offered some evidence that his or her entry was permissible under RCW 9A.52.090, due process requires that the State bear the burden of proving beyond a reasonable doubt that the defendant's entry was unlawful. Widell, 146 Wn.2d at 570; State v. Deer, 175 Wn.2d 725, 734, 287 P.3d 539 (2012), cert. denied, 133 S. Ct. 991, 184 L. Ed. 2d 770 (2013).

4

Division Two disagreed. In Jensen, the defendant was convicted of second degree burglary for entering a restaurant that appeared abandoned, but was not. 149 Wn. App. at 397. Division Two recognized that "J.P.'s holding has a measure of logical appeal, because burglary and criminal trespass share the same unlawful entry element." Id. at 400. However, the court concluded, the plain language of the statutory abandonment defense applies only to prosecutions for first degree criminal trespass. Id. at 400-01. Therefore, the court held that the abandonment defense of RCW 9A.52.090(1) is not available for second degree burglary. Id. at 401.

However, we need not decide here whether abandonment is a negating defense to residential burglary, because Schumann was not entitled to a jury instruction on abandonment. Though a criminal defendant is entitled to have the jury fully instructed on the defense theory of the case, he is not entitled to an instruction that inaccurately represents the law or for which there is no evidentiary support. State v. Staley, 123 Wn.2d 794, 803, 872 P.2d 502 (1994). In determining whether sufficient evidence supports an instruction, we view the evidence in the light most favorable to the requesting party. State v. Fernandez-Medina, 141 Wn.2d 448, 455-56, 6 P.3d 1150 (2000). Schumann argues that a subjective, reasonable belief that the home was abandoned is sufficient to trigger a jury instruction on the defense. We disagree.

In considering Schumann's argument, we look to the broader statutory context of the abandonment defense. Lake v. Woodcreek Homeowners Ass'n, 169 Wn.2d 516, 526, 243 P.3d 1283 (2010). RCW 9A.52.090(3) provides a defense to criminal trespass when the defendant "reasonably believed" that the owner would have licensed him or her to enter the premises. In contrast, RCW 9A.52.090(1) makes no mention of the

5

defendant's reasonable belief that the premises were abandoned. Rather, it is only a defense that the building "was abandoned." RCW 9A.52.090(1). Inclusion of a reasonable belief defense in RCW 9A.52.090(3) implies exclusion of it in RCW 9A.52.090(1). State v. Ortega, 177 Wn.2d 116, 124, 297 P.3d 57 (2013). The statute requires abandonment in fact—reasonable belief of abandonment is not sufficient to trigger RCW 9A.52.090(1).[2] In practical terms, this makes sense, because it discourages individuals from entering buildings that are not in fact abandoned, even though they appear to be.

J.P. supports this conclusion, as well. In J.P., the home was vacant after being repossessed by a bank. 130 Wn. App. at 893, 896. Because the bank did not intend to surrender the property, the home was not abandoned.[3] Id. Therefore, the J.P. court held that the unlawful entry element of residential burglary was not negated by abandonment, and affirmed J.P.'s conviction. Id. If a home is not actually abandoned, then entry cannot be lawful under that defense theory.

Likewise, in State v. Ponce, the court held that jury instructions almost identical to the ones given in Schumann's case were sufficient to apprise the jury of the law and

---

[2] Cf. Powell, 150 Wn. App. at 153, 157-58 (finding ineffective assistance of counsel where attorney failed to request a jury instruction on a statutory reasonable belief defense to second degree rape).

[3] "Abandoned" is not defined by the statute. See RCW 9A.52.010, .090. J.P. relied on the dictionary definition of the word "abandon": "'to cease to assert or exercise an interest, right, or title to esp[ecially] with the intent of never again resuming or reasserting it' and 'to give up . . . by leaving, withdrawing, ceasing to inhabit, to keep, or to operate often because unable to withstand threatening dangers or encroachments.'" 130 Wn. App. at 895-96 (alterations in original) (quoting WEBSTER'S THIRD NEW INTERNATIONAL DICTIONARY 2 (1993)).

enable Ponce to argue his theory of permissible entry.[4] 166 Wn. App. 409, 420, 269 P.3d 408 (2012). A specific instruction need not be given when a more general instruction adequately explains the law and enables the parties to argue their theories of the case. Id. at 419.

Schumann nevertheless argues that reasonable belief of abandonment negates the mens rea required for burglary. However, the statutory abandonment defense negates the unlawful presence element. Widell, 146 Wn.2d at 570. The definition of unlawful presence does not include a requisite mens rea: "A person 'enters or remains unlawfully' in or upon premises when he or she is not then licensed, invited, or otherwise privileged to so enter or remain." 9A.52.010(5). Rather, the mens rea for burglary is the "intent to commit a crime against a person or property," not the fact of unlawful entry. RCW 9A.52.020(1). Reasonable belief of abandonment may go to the defendant's intent to commit a crime. For instance, the defendant might have believed the property he took from the premises was abandoned, therefore it belonged to no one. However, if the premises are not in fact abandoned, then the defendant is not entitled to a jury instruction on abandonment under RCW 9A.52.090(1), because entry is unlawful.

Even viewing evidence in the light most favorable to Schumann, testimony conclusively established that the home here was not abandoned. Brunson lived there

---

[4] In Ponce, Division Three clarified that J.P. did not hold that a jury must be instructed that the statutory defenses to criminal trespass are also defenses to residential burglary. 166 Wn. App. at 417. Rather, the J.P. "court did no more than recognize that if proof of abandonment of property would negate the unlawful entry element of criminal trespass for due process/burden of proof purposes, as determined in Widell, then it must negate the identical unlawful entry element for residential burglary." Id. at 418. The Ponce court explained that the defenses to criminal trespass have "no bearing at all on a court's decision to instruct on them in a burglary case." Id.

for almost all his life. In fact, he had not spent one night away from home since 2009. Therefore, Schumann's unlawful entry was not negated by RCW 9A.52.090(1). Under these facts, Schumann was not entitled to a jury instruction on abandonment. Because Schumann was not entitled to the jury instruction, his counsel was not ineffective.

We affirm.

Appelwick, J

WE CONCUR:

Schindler, J

Cox, J.

8