# IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON

## DIVISION II

| | |
|---|---|
| STATE OF WASHINGTON, | No. 47873-1-II |
| Respondent, | |
| v. | |
| GARY LEE NOBLE, | UNPUBLISHED OPINION |
| Appellant. | |

WORSWICK, P.J. — Gary Lee Noble appeals his convictions for possession of a controlled substance (methamphetamine) and first degree criminal trespass. Noble argues that (1) the trial court erred in sentencing him for possession of a controlled substance following his guilty plea when a subsequently amended information excluded the offense, (2) the trial court erred by refusing to instruct the jury that abandonment is a defense to residential burglary, and (3) trial counsel was ineffective by failing to request a jury instruction on the abandonment defense to first degree criminal trespass. We review only the ineffective assistance of counsel issue, and we affirm Noble's convictions.

## FACTS

Ruban Allen purchased a mobile home from a neighbor's estate sometime between 2009 and 2010. The mobile home needed substantial repairs, and Allen purchased it to make improvements and sell it. Although no one lived in the home, Allen maintained the yard and continued power and gas utilities. In addition, Allen removed the carpet, repaired appliances, and purchased paint for the walls.

On May 10, 2015, Gary Lee Noble discovered Allen's mobile home while waiting for a bus. Noble entered the home. After examining the property, he decided to sleep in the home until his bus arrived the next morning.

Later that day, a neighbor notified Allen that he heard hammering coming from inside the mobile home. Allen called police and decided to inspect the property. Allen noticed that someone had broken the handle off the door to a shed, lifted the gate over a doggy door, and hung curtains over the windows. After hearing noise on the other side of the mobile home, Allen discovered Noble and told him to leave. Police arrested Noble soon after. Police conducted a search of Noble's person incident to arrest and discovered a "baggie" of methamphetamine.

On May 11, the State charged Noble with second degree burglary and possession of a controlled substance. On July 7, the State filed a first amended information and charged Noble with one count of residential burglary,[1] one count of possession of a controlled substance,[2] and one count of third degree possession of stolen property.[3] Noble was then arraigned on the first amended information and pleaded guilty to one charge—possession of a controlled substance.

On the day he pleaded guilty, Noble signed a "Statement of Defendant on Plea," which stated: "I Have Been Informed and Fully Understand That: . . . (b) I am charged with: Count 2: Possession of a Controlled Substance. The elements are: as contained in the [first amended] INFORMATION filed in Superior Court." Clerk's Papers (CP) at 13-14 (alteration in original).

---

[1] RCW 9A.52.025(1).

[2] RCW 69.50.4013(1).

[3] RCW 9A.56.170(1). The jury found Noble guilty of third degree possession of stolen property, and this charge is not at issue in this appeal.

The trial court asked Noble if he read and signed the Statement of Defendant on a Plea of Guilty, whether he understood the rights he was giving up, and whether the plea was made of Noble's own free will. Noble affirmatively answered the court's questions and entered a guilty plea. The trial court accepted the plea.

After the trial court accepted Noble's guilty plea, the State filed a second amended information that charged second degree burglary and third degree possession of stolen property; the second amended information omitted the controlled substance charge. Noble did not object.

Prior to trial, the State filed a motion in limine to exclude any discussion of abandonment as a defense to residential burglary during voir dire. The trial court granted the State's motion, stating: "I won't allow either side to argue their case to the jury [during voir dire]. . . . But if you want to argue your abandonment defense in opening, I'm not going to allow it unless you have some legal authority to allow to [sic] you do that." 1 Report of Proceedings (RP) at 92. The trial court continued, "*State vs. Jensen*[4] says it's not a defense to burglary. And consistent with *State vs. Olson*[5] saying residential burglary. And both cases indicate that the defense of abandonment only applies for criminal trespass. So based on law, I can't allow you to argue abandonment." 1 RP at 95.

At trial, witnesses testified to the above facts. Noble also testified in his defense. Noble stated that Allen's mobile home looked dilapidated and condemned. He also noted that the mobile home "smelled bad. There was no carpets. There was no furniture. There was an old fridge that was not plugged in in the center of what would have been the living room." 3 RP at

---

[4] 149 Wn. App. 393, 203 P.3d 393 (2009).

[5] 182 Wn. App. 362, 329 P.3d 141 (2014).

433. Noble then proposed a jury instruction on first degree criminal trespass as a lesser included offense of residential burglary. The court instructed the jury on the lesser included offense of first degree criminal trespass.

The jury found Noble not guilty of residential burglary but guilty of the lesser included offense of first degree criminal trespass. Noble appeals.

## ANALYSIS

### I. SUFFICIENCY OF THE INFORMATION

Noble argues, for the first time on appeal, that the trial court erred in sentencing him for possession of a controlled substance because the second amended information, filed after he pleaded guilty, did not charge him with the essential elements of the offense. We do not review this claim of error.

Generally, we will not consider an issue raised for the first time on appeal. RAP 2.5(a); *State v. Gordon*, 172 Wn.2d 671, 676, 260 P.3d 884 (2011). A defendant may, however, raise a claim of error for the first time on appeal if it is a manifest error affecting a constitutional right. RAP 2.5(a)(3); *Gordon*, 172 Wn.2d at 676. To demonstrate manifest error, the defendant must show actual prejudice by identifying a constitutional error and showing that the alleged error actually affected his rights at trial. 172 Wn.2d at 676. If we determine the claim raises a manifest constitutional error, it may be subject to harmless error review. 172 Wn.2d at 676. To determine if the defendant claims a manifest constitutional error, we preview the merits of the defendant's claim to see if it would succeed. *State v. Kirwin*, 165 Wn.2d 818, 823, 203 P.3d 1044 (2009).

Due process requires that a defendant's guilty plea be knowing, voluntary, and intelligent. *State v. Weyrich*, 163 Wn.2d 554, 556, 182 P.3d 965 (2008). In order for a guilty plea to be voluntary, the defendant must be informed of the nature of the charged offense. *State v. Holsworth*, 93 Wn.2d 148, 153, 607 P.2d 845 (1980). The defendant is sufficiently informed of the nature of the charged offense if the charging document includes the offense's essential elements. 93 Wn.2d at 153. We review challenges to the sufficiency of a charging document de novo. *State v. Lindsey*, 177 Wn. App. 233, 244, 311 P.3d 61 (2013), *review denied*, 180 Wn.2d 1022 (2014).

The State originally charged Noble with second degree burglary and possession of a controlled substance. On July 7, the State filed a first amended information charging Noble with residential burglary, possession of a controlled substance, and first degree possession of stolen property. Noble was arraigned on the first amended information, and he pleaded guilty that same day to possession of a controlled substance. Noble does not argue that the first amended information was insufficient.

As part of his guilty plea, Noble agreed that he had been informed and fully understood that he was charged with possession of a controlled substance. He further agreed that the elements of that charge were contained in the first amended information. The trial court accepted Noble's plea, finding he made it knowingly, intelligently, and voluntarily.[6] Later that day, the State filed a second amended information that omitted the controlled substance charge.

---

[6] At oral argument, Noble conceded that his plea was voluntarily made.

Noble argues for the first time on appeal that the trial court erred in sentencing him for possession of a controlled substance after his guilty plea because the second amended information omitted the essential elements of the offense. Noble requests that we dismiss his possession of a controlled substance conviction without prejudice.

By framing his argument as one of an insufficient information, Noble attempts to portray his claim as a constitutional error. Despite this, Noble fails to show that his claim raises a manifest constitutional error. The first amended information notified Noble of the essential elements of the possession of a controlled substance charge. Noble then pleaded guilty to possession of a controlled substance as charged in the first amended information. Accordingly, Noble was informed of the nature of the charged offense when he pleaded guilty and, therefore, made a knowing, voluntary, and intelligent guilty plea.

Noble is unable to demonstrate actual prejudice because he does not show how his rights were actually affected. Because Noble's guilty plea was knowing, voluntary, and intelligent, Noble's rights were not actually affected by any alleged error. While the second amended information may have been ill-conceived, its omission of the possession of a controlled substance charge is of no consequence because the trial court accepted Noble's guilty plea before the State filed the second amended information. As a result, Noble cannot show actual prejudice. Therefore, Noble fails to raise a manifest error affecting a constitutional right, and we do not review his claim of error.[7]

---

[7] While Noble raises the issue of subject matter jurisdiction, he appears to concede that the State was not divested of its subject matter jurisdiction. We agree. *State v. Franks*, 105 Wn. App. 950, 957, 22 P.3d 269 (2001) ("An information that fails to state the essential elements of the charged crime raises an issue . . . [of] lack of due process, not lack of jurisdiction.").

6

## II. ABANDONMENT DEFENSE FOR RESIDENTIAL BURGLARY

Noble argues that the trial court erred by refusing to instruct the jury that abandonment is a defense to residential burglary. We do not address this issue because it is moot.

Generally, we do not review a question that is moot. *Citizens for Financially Responsible Gov't v. City of Spokane*, 99 Wn.2d 339, 350, 662 P.2d 845 (1983). A case is moot "when it involves only abstract propositions or questions, the substantial questions in the trial court no longer exist, or a court can no longer provide effective relief." *Spokane Research & Def. Fund v. City of Spokane*, 155 Wn.2d 89, 99, 117 P.3d 1117 (2005).

Noble argues the trial court erred by refusing to allow him to argue an abandonment defense to the charge of residential burglary. The jury, however, entered its verdict finding Noble not guilty of residential burglary. Because Noble was found not guilty, we cannot provide effective relief. Therefore, Noble's claim is moot, and we do not address it.

## III. INEFFECTIVE ASSISTANCE OF COUNSEL

Noble also argues that trial counsel was ineffective by failing to request a jury instruction on the abandoned property defense to first degree criminal trespass. We disagree.

The Sixth Amendment to the United States Constitution and article I, section 22 of the Washington Constitution guarantee a criminal defendant's right to effective assistance of counsel. *State v. Grier*, 171 Wn.2d 17, 32, 246 P.3d 1260 (2011). We review ineffective assistance of counsel claims de novo. *State v. Binh Thach*, 126 Wn. App. 297, 319, 106 P.3d 782 (2005). To prevail on an ineffective assistance of counsel claim, the defendant must show that defense counsel's representation was deficient and that the deficient representation prejudiced him. *Grier*, 171 Wn.2d at 32-33.

Failure to request an instruction on a potential defense can constitute ineffective assistance of counsel. *See State v. Thomas*, 109 Wn.2d 222, 229, 743 P.2d 816 (1987). "Where the claim of ineffective assistance [of counsel] is based upon counsel's failure to request a particular jury instruction, the defendant must show he was entitled to the instruction, counsel's performance was deficient in failing to request it, and the failure to request the instruction caused prejudice." *State v. Thompson*, 169 Wn. App. 436, 495, 290 P.3d 996 (2012). A defendant is entitled to a jury instruction supporting his theory of the case if there is substantial evidence in the record to support it. *State v. Werner*, 170 Wn.2d 333, 336, 241 P.3d 410 (2010).

Criminal trespass is a lesser included offense of residential burglary, and it is a statutory defense to criminal trespass that a building involved was abandoned. RCW 9A.52.090(1); *State v. J.P.*, 130 Wn. App. 887, 895, 125 P.3d 215 (2005). The statutory defenses to criminal trespass negate the unlawful presence element of the offense. *State v. Olson*, 182 Wn. App. 362, 376, 329 P.3d 121 (2014). As a result, the statutory defenses are not affirmative defenses. 182 Wn. App. at 376. When a defendant argues that his presence on property was lawful, the State must prove the absence of his defense. 182 Wn. App. at 376.

RCW 9A.52.090(1) does not define the term "abandoned." In *State v. J.P.*, Division Three of this court recognized that "abandon" means "'to cease to assert or exercise an interest, right, or title to esp[ecially] with the intent of never again resuming or reasserting it' and 'to give up . . . by leaving, withdrawing, ceasing to inhabit, to keep, or to operate often because unable to withstand threatening dangers or encroachments.'" 130 Wn. App. at 895-96 (alterations in original) (quoting WEBSTER'S THIRD NEW INTERNATIONAL DICTIONARY 2 (1993)). Accordingly,

8

Division Three held that testimony showing that an owner was preparing a vacant home for sale was sufficient to show that the home was not abandoned by that owner. 130 Wn. App. at 896.

At trial, Noble testified that Allen's mobile home "looked . . . like a very dilapidated, condemned place. It smelled bad. There was no carpets. There was no furniture. There was an old fridge that was not plugged in in the center of what would have been the living room." 3 RP at 433. Allen testified that although no one lived in the mobile home, he purchased it in order to fix it up and sell it. In an effort to restore the home, he removed the carpets and turned off the water to fix an appliance.

Noble was not entitled to a jury instruction on the abandonment defense to first degree criminal trespass because there is not substantial evidence in the record to support Noble's abandonment theory. While Allen's mobile home was uninhabited and in a state of disrepair, there is no evidence that Allen intended to give it up or rid himself of his right in the home. Instead, Allen testified he was slowly repairing the mobile home and had an interest in selling it. Despite Noble's testimony that he believed the mobile home was dilapidated and condemned, his subjective belief does not entitle him to a jury instruction on the abandonment defense because the home was not in fact abandoned. Accordingly, there is not sufficient evidence in the record to support Noble's theory that the mobile home was abandoned, and the State proved the absence of the abandonment defense. Because Noble was not entitled to a jury instruction on the abandonment defense to first degree criminal trespass, trial counsel was not ineffective for failing to request the instruction.

We affirm Noble's convictions.

No. 47873-1-II

A majority of the panel having determined that this opinion will not be printed in the Washington Appellate Reports but will be filed for public record in accordance with RCW 2.06.040, it is so ordered.

_____
Worswick, P.J.

We concur:

_____
Lee, J.

_____
Sutton, J.