[No. 36030.    Department Two.    November 2, 1961.]

*In the Matter of the Application for a Writ of Habeas Corpus of* ROBERT JAIME, *Petitioner,* v. B. J. RHAY, *as Superintendent of the State Penitentiary, et al., Respondents.**

*Robert Jaime, pro se.*

*The Attorney General* and *Stephen C. Way, Assistant,* for respondents.

*Reported in 365 P. (2d) 772.

PER CURIAM.—The petitioner is seeking a writ of habeas corpus. He was convicted of second degree assault on December 6, 1949, and, on the following January 25th, an order granting probation for three years, with sentence deferred for that period, was entered. A year later, he was committed to the Wyoming State Industrial School for a felonious assault committed in Wyoming. He returned to Yakima County, Washington, in 1952, at which time his probation was reinstated. In March, 1952, he was arrested for disorderly conduct in Wapato, Washington. In July, 1952, he was incarcerated in the county jail for assault and released in August. On October 15, 1953, he had a hearing in the superior court for the revocation of the order of probation. On this occasion, his attorney was not the one who had represented him at the time of his original conviction in 1949.

As a result of this hearing, which was more than three years after the order of probation, he was ordered confined in the county jail for 90 days, and the order of probation was extended for an additional three years.

On May 4, 1954, petitioner was again before the court, the order of probation was revoked, and he was sentenced to 10 years in the penitentiary at Walla Walla. On this occasion, his counsel had not been notified and was not present.

The petitioner contends that his original order of probation had expired and the superior court was without authority to extend it, revoke it, or sentence him.

RCW 9.95.240 provides, *inter alia*:

"Every defendant who has fulfilled the conditions of his probation for the entire period thereof, or who shall have been discharged from probation prior to the termination of the period thereof, may at any time prior to the expiration of the maximum period of punishment for the offense for which he has been convicted be permitted in the discretion of the court to withdraw his plea of guilty and enter a plea of not guilty, or if he has been convicted after a plea of not guilty, the court may in its discretion set aside the verdict of guilty; and in either case, the court may thereupon dismiss the information or indictment against such

defendant, who shall thereafter be released from all penalties and disabilities resulting from the offense or crime of which he has been convicted. . . ."

Full compliance with the statute culminating in the appropriate orders of the court, which are prescribed therein, restores a defendant to his civilian status, free from the jurisdiction of the court in the prior criminal proceeding. The mere elapse of time is not compliance with the statute and does not dissolve the order of probation or deprive the court of its continuing jurisdiction. *In re Allen v. Rhay*, 52 Wn. (2d) 609, 328 P. (2d) 367. Petitioner's contention is without merit.

■ The petitioner contends that he was deprived of due process because he was not represented by counsel at the time of the revocation of the order of probation and the imposition of the statutory sentence.

We do not agree for two reasons:

(1) RCW 9.95.220 provides:

"Whenever the state parole officer or other officer under whose supervision the probationer has been placed shall have reason to believe such probationer is violating the terms of his probation, or engaging in criminal practices, or is abandoned to improper associates, or living a vicious life, he shall cause the probationer to be brought before the court wherein the probation was granted. For this purpose any peace officer or state parole officer may re-arrest any such person without warrant or other process. The court may thereupon in its discretion *without notice* revoke and terminate such probation. In the event the judgment has been pronounced by the court and the execution thereof suspended, the court may revoke such suspension, whereupon the judgment shall be in full force and effect, and the defendant shall be delivered to the sheriff to be transported to the penitentiary or reformatory as the case may be. If the judgment has not been pronounced, the court shall pronounce judgment after such revocation of probation and the defendant shall be delivered to the sheriff to be transported to the penitentiary or reformatory, in accordance with the sentence imposed." (Italics ours.)

The statute specifically provides that no notice is necessary.

(2) Art. 1, § 22 (amendment 10), of the Washington Constitution provides, *inter alia*:

"In criminal *prosecutions* the accused shall have the right to appear and defend in person, or by counsel, . . ."

The constitutional right to be represented by counsel applies to the arraignment and/or trial. It does not apply to the time of revocation of an order of probation. With this rule California is in accord. It has held that the constitutional right to counsel does not apply to hearings on the revocation of probation, because a hearing upon the revocation of probation is not a criminal prosecution. *In re Davis,* 37 Cal. (2d) 872, 236 P. (2d) 579; *In re Levi,* 39 Cal. (2d) 41, 244 P. (2d) 403; *In re Dearo,* 96 Cal. App. (2d) 141, 214 P. (2d) 585.

Petitioner contends that, since the superior court judge who entered the order of probation was not the one who sentenced him, the sentence was void under RCW 2.28.030, which provides, *inter alia*:

"A judicial officer is a person authorized to act as a judge in a court of justice. Such officer shall not act as such in a court of which he is a member in any of the following cases:

" . . .

" (2) When he was not present and sitting as a member of the court at the hearing of a matter submitted for its decision."

We find no merit in this contention. There is always judicial business unfinished at the end of every judge's tenure of office, whether the termination be by expiration, retirement, or death. It is only necessary, under the statute, that the particular matter disposed of by a judge shall have been submitted to him according to law; otherwise, no litigation pending before a judge could be concluded after his separation from office. The statute means no more than that a judge may not pass upon a matter that was never properly submitted to him.

We find that the revocation of the order of probation and the sentence of the petitioner were properly submitted to

the court, and that, consequently, it had lawful authority to sentence the petitioner.

The petition is denied.