[No. 2467–2.   Division Two.   April 20, 1977.]

JULIUS LEE GILLESPIE, *Petitioner*, v. THE STATE
OF WASHINGTON, *Respondent*.

*Donald E. Kelley*, for petitioner (appointed counsel for appeal).

*Donald Herron, Prosecuting Attorney*, and *Joseph D. Mladinov, Senior Deputy*, for respondent.

PETRIE, C.J.—In a personal restraint petition, filed pursuant to RAP 16.3 *et seq.*, Julius Lee Gillespie asserts that the Superior Court for Pierce County acted unlawfully in revoking his probation after the termination date of that probation. The petition raises two issues: (1) Was the court empowered to extend Gillespie's term of probation after the initially established expiration date of that term? (2) If the court had authority to so extend the probationary term, could the extension be accomplished ex parte, without notice to or presence of petitioner or his counsel? We affirm on the basis that petitioner's term of probation did not expire on its initially established expiration date because of intervening circumstances, and we do not reach the issue presented by the ex parte manner in which the extension was obtained.

Petitioner entered a plea of guilty to the crime of grand larceny on May 5, 1972. On that date the Superior Court deferred the imposition of sentence for a period of "3 years, 0 months, and 0 days" on condition that petitioner satisfy certain terms of probation, among which was that he follow the instructions, rules and regulations of the Board of Prison Terms and Paroles.

He was released from custody of the sheriff to receive his instructions from the authorized probation officer. However, Gillespie never reported to probation and parole authorities. Instead, he simply disappeared in late June, leaving no forwarding address. The court issued a bench warrant for his arrest on September 11, 1972, and he was arrested by authority thereof on September 15, 1974.

Gillespie was released from custody on October 18, 1974, and was "continued" on probation on the condition

> That he report immediately to the office of Probation & Parole and otherwise adhere to the conditions of order entered on the 5th day of May 1972 granting a deferred Sentence . . .

He was absent from the state, however, from October to December 24, 1974, because of his extradition to North Carolina on a charge in that state. Following his return to

Washington, he again failed to report to probation authorities.

As a result, Probation Officer Frank Brennan filed a request for Gillespie's arrest and detention on May 5, 1975. He was arrested and then released after contact with the probation officer. Shortly thereafter, Brennan discovered that Gillespie, who was drawing pay on active military duty, had not paid any of the costs and restitution he had been ordered to satisfy by the court's original probation order. Brennan then petitioned the court, ex parte, with the recommendation that Gillespie's probation

> be extended approximately four years to provide him additional time to meet his financial obligation to the Court and to prove . . . that he is able to satisfactorily complete his probation status.

On May 29, 1975, the court ordered his probation continued for 4 years. Following subsequent allegations of criminal conduct, the court revoked petitioner's probation on May 25, 1976, and sentenced him to a 15-year maximum prison term for the grand larceny.

We first consider Gillespie's contention that the court's authority to continue his probation expired on May 5, 1975, and that it could not, therefore, "continue" the probation by its order of May 29.

A trial court, in granting probation, has discretion to suspend the imposition or execution of its sentence for a period of time not to exceed the maximum term of sentence for the crime. RCW 9.95.210. The court is empowered also to "revoke, modify, or change" its suspension of the imposition or execution of sentence "at any time *during* the course of probation." (Italics ours.) RCW 9.95.230.

Also bearing on this issue is RCW 9.95.240, which provides in part as follows:

> Every defendant who has fulfilled the conditions of his probation for the entire period thereof, or who shall have been discharged from probation prior to the termination of the period thereof, may at any time prior to the expiration of the maximum period of punishment for the

offense for which he has been convicted be permitted in the discretion of the court to withdraw his plea of guilty and enter a plea of not guilty, or if he has been convicted after a plea of not guilty, the court may in its discretion set aside the verdict of guilty; and in either case, the court may thereupon dismiss the information or indictment against such defendant, . . .

In a situation in which a defendant's probation was revoked following a hearing conducted 9 months after the nominal probation expiration date, this statute has been held to confer continuing jurisdiction on the court, so that the mere lapse of time does not deprive the court of juris- diction to revoke until termination of the maximum term of imprisonment for the offense. *Jaime v. Rhay*, 59 Wn.2d 58, 365 P.2d 772 (1961); *see Allen v. Rhay*, 52 Wn.2d 609, 328 P.2d 367 (1958). We do not, however, base our opinion on this or any other interpretation of RCW 9.95.240, or on an interpretation of RCW 9.95.230, which is herein stressed by petitioner but was not discussed in either *Jaime* or *Allen*.[1] There is another dispositive factor in this case.

■ Because Gillespie failed to report to the probation authorities and absconded supervision, the period until he returned from North Carolina on December 24, 1974, should not count as part of his probationary period. Probation is an act of judicial grace or lenience motivated in part by the hope that the offender will become rehabilitated. *State ex rel. Woodhouse v. Dore*, 69 Wn.2d 64, 416 P.2d

---

[1]In neither *Jaime v. Rhay*, 59 Wn.2d 58, 365 P.2d 772 (1961), nor *Allen v. Rhay*, 52 Wn.2d 609, 328 P.2d 367 (1958), did the Supreme Court address the effect of RCW 9.95.230 upon the superior court's power to revoke or modify an order suspending imposition of sentence after the nominal termination date of a probation granted by the order of suspension. The literal language of RCW 9.95-.230 suggests that the court's power to revoke or modify a term of probation would, as petitioner contends, exist only "during the course of probation" established by the order suspending imposition of sentence. In a somewhat similar context, we have held, under RCW 9.95.210, that a court loses jurisdiction to revoke probation upon expiration of the maximum term of sentence actually pronounced and suspended, as opposed to the maximum that could have been given. *State v. Monday*, 12 Wn. App. 429, 531 P.2d 811 (1975), *aff'd*, 85 Wn.2d 906, 540 P.2d 416 (1975).

670 (1966). To achieve this goal, the probationer must remain within the jurisdiction of the court that retains control over him and must subject himself to probation supervision, as directed by the court and the Board of Prison Terms and Paroles. RCW 9.95.210. Although the precise issue has not been addressed by the appellate courts of Washington, the federal courts have decided that a probation period will cease to run for a federal probationer who is taken into custody to serve time for a state offense, or who departs the jurisdiction in which he is purportedly under active supervision. *Nicholas v. United States,* 527 F.2d 1160 (9th Cir. 1976); *United States v. Gerson,* 192 F. Supp. 864 (E.D. Tenn. 1961), *aff'd,* 302 F.2d 430 (6th Cir. 1962); *accord, Jutras v. United States,* 340 F.2d 305 (1st Cir. 1964). The rationale for this doctrine was lucidly expressed in *United States v. Gerson, supra* at 865:

> If a probationer, voluntarily or because of his wrongdoing, is not available to be under the control of the Court and the supervision of the probation officer, the probation period is not running. . . .
> If this view is not correct, an offender upon whom a sentence was imposed and suspended and placed on probation for a term could immediately go to a foreign country, where he could not be extradited, stay for five years and come home a free man.
> Probation is conferred as a privilege and cannot be demanded as a right. It is a matter of favor, not of contract. The wrongdoing of a probationer making it impossible for the provisions of the Act to be performed for a period of time, such time under such conditions is not a part of the probation period.

These considerations are equally applicable in the case at bench. At the time Gillespie's probationary period was extended on May 29, 1975, he had only been accessible to probation personnel for some 7 out of the 36 months imposed upon him. Inasmuch as Gillespie disappeared at the end of June 1972 and was not accessible to probation personnel due to his absence, partly in North Carolina, until December 1974, his probationary period tolled during

that interim. The probation was still in effect on May 29, 1975, when it was extended for 4 years. *Nicholas v. United States, supra; see United States v. Gerson, supra.*

Petitioner's assertion that the court was required to give him notice and allow him to appear with counsel at the proceeding which "extended" his original probation thus becomes a moot issue. His original term of probation, having been tolled, still had approximately 29 months to run. Its continued vitality did not depend upon the extension granted in 1975, and invalidation of the ex parte extension procedure would only nullify that portion of the extension beyond the 29 remaining months of the original probation. Therefore, the subsequent revocation of Gillespie's probation on May 25, 1976—a proceeding which is not here challenged—occurred well before expiration of the original time frame of that probation, because it was tolled by his absence from supervision. The alleged procedural defects in the method of obtaining the extension of his term of probation did not invalidate the ultimate revocation of probation.

The revocation of probation is affirmed.

PEARSON and REED, JJ., concur.

Petition for rehearing denied June 1, 1977.

Review denied by Supreme Court November 18, 1977.