[No. 15795-7-I.  Division One.  November 10, 1986.]

THE STATE OF WASHINGTON, *Respondent,* v. ALLADIN
CRAIG SOTO, *Appellant.*

*Raymond H. Thoenig* and *Neil M. Fox* of *Washington Appellate Defender Association,* for appellant.

*Norm Maleng, Prosecuting Attorney,* and *James W. Leslie, Deputy,* for respondent.

SWANSON, J.—Alladin Craig Soto appeals the juvenile court dispositional order finding him guilty of first degree

criminal trespass and third degree malicious mischief. On May 21, 1984, the residence located at 7547 Eleventh Avenue Northeast in Seattle, King County, Washington, was entered and a radio was taken. At trial Soto testified that when his companion, Jacob, knocked on the front door of the home, no one answered. Jacob then threw a rock through a basement window. Removing the remaining broken window glass, Soto entered the home through the window, opened the outside basement door for Jacob, and used his pocketknife to open the door leading to the rest of the house.

Soto testified that he entered the house "to play around, you know, just check it out. Be sneaky." He defined being "sneaky" as being "devious." Soto testified that his companion took a radio from the house but that he himself had no prior knowledge of Jacob's intention to do so. Soto was charged with second degree burglary and, after a trial to the court, was convicted of first degree criminal trespass and third degree malicious mischief as lesser included offenses of the charged offense. He now appeals the judgment and sentence, arguing that the crimes of which he was convicted are not lesser included crimes of second degree burglary[1] and that under RCW 2.28.030 a judicial officer who did not conduct the trial may not impose sentence.

The first issue is whether first degree criminal trespass is a lesser included crime of second degree burglary. Relying upon *State v. Bishop,* 90 Wn.2d 185, 191, 580 P.2d 259 (1978), Soto argues that first degree criminal trespass is not a lesser included offense of second degree burglary so that his criminal trespass conviction is error. A lesser included offense exists when all of the elements of the lesser crime are necessary elements of the greater crime. *State v. Holt,* 104 Wn.2d 315, 318, 704 P.2d 1189 (1985); *State v. Hodgson,* 44 Wn. App. 592, 599, 722 P.2d 1336 (1986). If it is possible to commit the greater offense with-

---

[1]The State concedes that third degree malicious mischief is not a lesser included crime of second degree burglary, with which the defendant was charged.

out having committed the lesser offense, the latter is not an included crime. *State v. Roybal,* 82 Wn.2d 577, 583, 512 P.2d 718 (1973).

Second degree burglary requires the following elements: The actor must, with the intent to commit a crime against a person or property therein, enter or remain unlawfully in a building. RCW 9A.52.030; *State v. Bergeron,* 105 Wn.2d 1, 5, 711 P.2d 1000 (1985). First degree criminal trespass requires the actor knowingly to enter or remain unlawfully in a building. RCW 9A.52.070; *State v. Mounsey,* 31 Wn. App. 511, 517, 643 P.2d 892, *review denied,* 97 Wn.2d 1028 (1982). Second degree burglary requires intent while first degree criminal trespass requires knowledge. *State v. Allen,* 101 Wn.2d 355, 361, 678 P.2d 798 (1984).

■ Intent and knowledge are culpable mental states in a hierarchy, set forth in RCW 9A.08.010, ranging from intent to criminal negligence. *State v. Acosta,* 101 Wn.2d 612, 618, 683 P.2d 1069 (1984). "When acting knowingly suffices to establish an element, such element also is established if a person acts intentionally." RCW 9A.08.010(2). Proof of a higher mental state is necessarily proof of a lower mental state. *State v. Acosta, supra.* Thus proof of second degree burglary is necessarily proof of first degree criminal trespass. In *State v. Allen, supra,* the court indicated, without discussion, that first degree criminal trespass is a lesser included offense of second degree burglary. *Cf. State v. Mounsey, supra* at 517–18 (first degree criminal trespass is a lesser included offense of first degree burglary).

Soto's reliance upon *State v. Bishop, supra,* is misplaced since *Bishop* dealt with former statutes which have been supplanted by the current statutes under which, as discussed above, first degree criminal trespass is a lesser included offense of second degree burglary. Moreover, Soto's criminal trespass conviction is supported by evidence beyond a reasonable doubt. *State v. Green,* 94 Wn.2d 216, 221–22, 616 P.2d 628 (1980).

The next issue is whether the imposition of sentence by a different judge than the one who conducted the trial and

rendered the verdict violates RCW 2.28.030(2), which provides:

A judicial officer is a person authorized to act as a judge in a court of justice. Such officer shall not act as such in a court of which he is a member in any of the following cases:

. . .

(2) When he was not present and sitting as a member of the court at the hearing of a matter submitted for its decision.

Soto argues that RCW 2.28.030(2) was violated here where one court commissioner presided at the trial and rendered the verdict while another imposed sentence so that the case should be remanded for resentencing by the trial judge.[2]

RCW 2.28.030(2) prohibits a judicial officer from acting as a judge when he was not present and sitting as a judge at the hearing of a matter submitted for the court's decision. Nevertheless, our State Supreme Court has recognized that the imposition of sentence by the trial judge is not constitutionally mandated and that a judge other than the one who presided at trial has the power to impose sentence. *Jaime v. Rhay,* 59 Wn.2d 58, 61–62, 365 P.2d 772 (1961); *State v. Lindsey,* 194 Wash. 129, 132–33, 77 P.2d 596, *cert. denied,* 305 U.S. 637 (1938).

Division Two in *State v. Bowen,* 12 Wn. App. 604, 610, 531 P.2d 837 (1975), in upholding the imposition of sentence by a different judge than the trial judge, limited its holding to substitutions that arise from uncontrollable circumstances such as death, retirement or expiration of term. The *Bowen* court stated that it did not decide whether a substitution would be sustained where it was due to mistake or the momentary unavailability of the original judge.

In *Jaime v. Rhay, supra* at 61; *State v. Lindsey, supra* at

---

[2]Since the record on review does not contain the verbatim transcript of the disposition hearing, nothing in the record indicates that Soto's counsel objected to the substitution of judges at the disposition hearing. Nevertheless, a claimed error as to the lack of trial court jurisdiction may be raised for the first time in the appellate court. RAP 2.5(a)(1); *Mitchell v. John Doe,* 41 Wn. App. 846, 847, 706 P.2d 1100 (1985).

131; and *State v. Bowen, supra* at 609, the trial judge apparently was no longer on the bench at the time of the challenged sentencing. In *State v. Lindsey,* upon reversal of the original sentences by the United States Supreme Court, on remand the second sentences were imposed by a different judge than the trial judge. The *Lindsey* court, noting that the sentencing judge's voice was that of the court, stated, "The judicial personnel may change, but the court remains." *Lindsey,* at 132. While the *Lindsey* court does not mention the statute, the predecessor to the current statute, which was in force at the time, contained language identical to the pertinent language in the current statute. *See* Laws of 1895, ch. 39, § 1, p. 63.

A legally presiding judge who did not try a case may impose sentence. *State v. Lindsey, supra.* RCW 2.28.030 requires only that the particular matter disposed of by a judge shall have been submitted to him according to law. *Jaime v. Rhay, supra.* The court in *State v. Bowen, supra* at 610, noted,

> The process of sentencing does not depend primarily upon what transpired at trial. Imposing, deferring or suspending sentence depends upon facts which include, but are not necessarily limited to, the gravity of the crime, rehabilitation possibilities, protection of the public, the defendant's past record and deterrence of further violations.

Here there is no allegation or evidence that the imposition of sentence was not properly submitted to the sentencing judge. *Jaime v. Rhay, supra* at 61–62. RCW 2.28.030(2) was not violated.

We reverse the third degree malicious mischief conviction but otherwise affirm the judgment and sentence.

SCHOLFIELD, C.J., and COLEMAN, J., concur.

Reconsideration denied February 3, 1987.