IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON
DIVISION ONE

| | |
|---|---|
| THE STATE OF WASHINGTON,<br><br>Respondent,<br><br>v.<br><br>ANTHONY JOSEPH,<br><br>Appellant. | No. 82726-0-I<br><br>UNPUBLISHED OPINION |

PER CURIAM — Anthony Joseph appeals the judgment and sentence entered following his conviction for burglary in the first degree, assault in the fourth degree, and criminal trespass in the first degree. Joseph contends that his convictions for both criminal trespass in the first degree and burglary in the first degree violate constitutional double jeopardy principles.

The State concedes that, as charged and prosecuted in this case, Joseph's convictions for criminal trespass in the first degree and burglary in the first degree violate double jeopardy. Under the "same evidence" rule, a defendant's double jeopardy rights are violated "if he or she is convicted of offenses that are identical both in fact and law." State v. Calle, 125 Wn.2d 769, 777, 888 P.2d 155 (1995). Although unlawful entry or remaining is an express statutory element of both criminal trespass and burglary, knowledge that one's entry or remaining is unlawful is an express statutory element of only criminal trespass, not burglary. RCW 9A.52.070(1), .020(1).

Citations and pin cites are based on the Westlaw online version of the cited material.

Here, however, the State charged Joseph with a license revocation burglary. Because the State cannot prove this category of burglary without proving that the defendant knew his presence was unlawful, the State concedes that punishing Joseph for both criminal trespass and burglary violated double jeopardy. See State v. Moreno, 198 Wn.2d 737, 756, 499 P.3d 198 (2021) (acknowledging category of burglary cases in which revocation of a license or privilege to enter turns the defendant's presence from lawful to unlawful). When a defendant has been twice convicted for a single act, in violation of double jeopardy principles, the trial court must vacate the conviction for the less serious offense. State v. Weber, 159 Wn.2d 252, 269, 149 P.3d 646 (2006). We accept the concession of error and remand the matter to the trial court with directions to vacate the criminal trespass conviction.

Remanded for further proceedings consistent with this opinion.

Smith, A.C.J.

WE CONCUR:

Brennan, J.          Mann, J.